UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARON LUCIEN,<br><br>   Plaintiff,<br><br>  v.<br><br>E. GONZALEZ-GAMEZ, et al.,<br><br>   Defendants. | Case No. 23-cv-03670-PCP<br><br>**ORDER SERVING COMPLAINT AND GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>Re: Dkt. No. 2 |

Jaron Lucien, an inmate at Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The lawsuit is now before the Court for review under 28 U.S.C. § 1915A.

For the reasons stated below, the Court orders Defendants to respond to the Complaint. However, for Mr. Lucien's benefit, the Court notes an ambiguity which Mr. Lucien may wish to clarify.

**I. BACKGROUND**

At all relevant times, Mr. Lucien was incarcerated at Salinas Valley State Prison ("SVSP"). Compl. at 1, 4.[1] On March 12, 2023, Mr. Lucien spoke to multiple inmates in his duty as an inmate representative. *See id*. at 6. While fulfilling that duty, "an argument transpired between [Mr. Lucien] and another inmate," "which resulted in a mutual combat." *Id*. Both Mr. Lucien and his opponent were ordered to get down, and both inmates "followed orders and got down in a prone position." *Id*.

While Mr. Lucien was still in a prone position, he observed his opponent speaking to Defendants Gonzalez-Gamez and Raymundo. *See id*. "The next thing [Mr. Lucien] kn[e]w . . . the

---

[1] The Court refers to the page numbers applied by the ECF system.

1  other inmate stood up and attacked" Mr. Lucien. *Id*. Mr. Lucien contends that Defendants
2  Gonzalez-Gamez and Raymundo did not act to stop this attack, but instead "stood and watched
3  with deliberate indifference." *Id*. Mr. Lucien was injured during the attack. *See id*. He claims that
4  Defendants Gonzalez-Gamez and Raymundo violated his Eighth Amendment rights by failing to
5  protect him from the other inmate's attack. *See id*.

6  Mr. Lucien represents that he filed two grievances regarding this incident. *See id*. at 6. He
7  contends that "the director[']s office" granted both grievances, and that his administrative
8  remedies are exhausted. *See id*. at 1, 6. However, the exhibits attached to the Complaint undercut
9  this representation.[2] Mr. Lucien's exhibits show that he filed Grievance 379857; that this
10 grievance was rejected on procedural grounds by SVSP's Office of Grievances; that this rejection
11 was appealed to the Office of Appeals in Sacramento; and that the Office of Appeals overturned
12 the procedural rejection and ordered SVSP to open a "open a new grievance log number . . . and
13 answer [Mr. Lucien's] claim on the merits." *Id*. at 13–21.

14 On June 7, 2023, in response to the Office of Appeals's order, SVSP's Office of
15 Grievances opened Grievance 410928 for Mr. Lucien. *See id*. at 12. SVSP's Office of Grievances
16 subsequently notified Mr. Lucien that it had until August 7, 2023, to respond to Grievance
17 410928. *See id*. at 11. Mr. Lucien filed the instant action on July 25, 2023, *see id*. at 10,
18 approximately two weeks before the due date for a response from SVSP's Office of Grievances.

19 The record does not contain the decision of SVSP's Office of Grievances as to Grievance
20 410928, nor does it contain any appeal of Grievance 410928 to the Office of Appeals in
21 Sacramento. *See generally, id*.

22 **II.   Legal Standard**

23 Federal courts must screen any case in which a prisoner seeks redress from a governmental
24 entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must
25 identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim

---

[2] In reviewing the adequacy of a complaint, a court may consider documents physically attached to the complaint. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

1  upon which relief may be granted, or seek monetary relief from a defendant immune from such

2  relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v.*

3  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**III.     Analysis**

      **A.     Failure-to-protect claim**

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Id*. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

Neither negligence nor gross negligence will constitute deliberate indifference. *See id.* at 835–36 & n.4. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *See id.* at 837. This is a question of fact. *Id.* at 842.

Here, Mr. Lucien alleges that Defendants observed another inmate attack Mr. Lucien, but did not act to stop the attack. Compl. at 6. Instead, Defendants "stood and watched" the attack, and Mr. Lucien suffered injuries. *See id*. This is sufficient to plead a failure-to-protect claim.

      **B.     Exhaustion**

The Prison Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 85–86 (2006). An action must be dismissed unless the prisoner exhausted available administrative remedies *before* he filed suit. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies not exhausted before prisoner sends complaint to court, action will be dismissed). Exhaustion is mandatory and not left to the discretion of the district court. *Woodford*, 548 U.S. at 84.

In California, there are two levels of review for non-healthcare appeals by inmates, referred to as a grievance and an appeal. At the first level, the inmate submits a form CDCR 602-1 to the Institutional Office of Grievances at the prison or other facility where he is housed. *See* Cal. Code Regs. tit. 15, § 3482(a), (c) (eff. Jan. 5, 2022). The facility's "grievance Coordinator shall ensure that a written grievance decision is completed no later than 60 calendar days after receipt of the grievance." *Id*. at § 3483(g). If an inmate is dissatisfied by his facility's response, he may appeal to the second level of review. *Id*. at § 3484(b). To do so, the inmate must appeal in writing, within 60 calendar days of the institution's response, to the Office of Appeals in Sacramento. *Id*. at § 3484(a). The Office of Appeals's "appeal Coordinator shall ensure that a written appeal decision is completed no later than 60 calendar days." *Id*. at § 3485(g). Administrative remedies are not exhausted where the grievance is rejected. *See* 15 Cal. Code Regs. §§ 3483(g)(6), 3845(g)(6).

It appears likely that Mr. Lucien filed his Complaint before the government's time to respond to Grievance 410928 had elapsed. *Compare* Compl. at 1, 10 (showing the Complaint was filed July 25, 2023), *with id*. at 11 (stating SVSP's Office of Grievances had until August 7, 2023 to respond to Grievance 410928), *and* Cal. Code Regs. tit. 15, § 3483(g) (same). Courts have repeatedly held that, where the government still has time to respond to a grievance, an as-yet-unanswered grievance is unexhausted. *See, e.g., Jackson v. D.C.*, 254 F.3d 262, 269 (D.C. Cir. 2001) (holding that prisoner who never received a response to his first-level grievance nevertheless failed to satisfy exhaustion requirement because time period for prison response had

not expired before he filed suit); *Barroca v. Benov*, No. C 01-0004-VRW, 2002 WL 1998273, at *3 n.1 (N.D. Cal. Aug. 22, 2002) (dismissing action that was filed "too early," where the time for defendants to respond had not run). Mr. Lucien did not provide SVSP's or the Office of Appeals's response to Grievance 410928, so the Court cannot tell if the Complaint pre-dated such responses.

Because Mr. Lucien states under penalty of perjury that his grievances were exhausted, *see* Compl. at 1, and because the record does not clearly and directly contradict his assertion, the Court does not dismiss the Complaint for lack of exhaustion. *Cf. Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (explaining that a district court may sua sponte dismiss a complaint at screening where, taking the prisoner's allegations as true, it is clear from the face of the complaint that the prisoner failed to exhaust). However, if Mr. Lucien's Complaint was filed too early, then upon further factual development this lawsuit may need to be dismissed for lack of exhaustion.[3]

## IV. CONCLUSION

1. Plaintiff's motion to proceed IFP is GRANTED. *See* Dkt. No. 2. The total filing fee due is $ 350.00. The partial filing fee due at this time is $13.96. *See* 28 U.S.C. § 1915(b) (specifying how a court shall calculate an initial partial filing fee). This initial fee shall be paid by Plaintiff **within thirty-five (35) days** from the date this order is filed. Funds for the filing fee will be taken from Plaintiff's account in accordance with 28 U.S.C. § 1915(b)(1). A copy of this order and the attached instructions will be sent to Plaintiff and the prison trust account office.

2. Liberally construed, the Complaint states an Eighth Amendment failure-to-protect claim against Defendants Gonzalez-Gamez and Raymundo. The Court orders service of the Complaint on Defendants and orders Defendants to respond to Plaintiff's claim.

3. Service on Defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") E-Service Program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on

---

[3] Even if Mr. Lucien's Complaint was filed too early, he may be able to cure this defect. A prisoner who files an amended complaint after fully exhausting his remedies satisfies the exhaustion requirement, even if the original complaint was filed prematurely. *Saddozai v. Davis*, 35 F.4th 705, 708–10 (9th Cir. 2022). Thus, if Mr. Lucien exhausted his remedies after filing the Complaint, he may cure this defect by filing an amended complaint.

5

1 CDCR via email the following documents: The Complaint and exhibits thereto (Dkt. No. 1), this
2 order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall
3 serve a copy of this order on the Plaintiff.

4  4. No later than **forty (40) days** after service of this order via email on CDCR, CDCR
5 shall provide the Court a Completed CDCR Report of E-Service Waiver advising the Court
6 whether all Defendants will be waiving service of process without the need for service by the
7 United States Marshal Service ("USMS"), or whether any Defendant declined to waive service or
8 could not be reached.

9  5. CDCR shall provide a copy of the CDCR Report of E-Service Waiver to the
10 California Attorney General's Office which, within **twenty-one (21) days**, shall file with the
11 Court a waiver of service of process for each Defendant who is waiving service.

12  6. If any Defendant does not waive service, then upon receipt of the CDCR Report of
13 E-Service Waiver, the Clerk shall prepare a USM-285 Form. The Clerk shall provide to the USMS
14 the completed USM-285 forms and copies of this order, the summons, and the operative complaint
15 for service upon the non-waiving Defendant. The Clerk also shall provide to the USMS a copy of
16 the CDCR Report of E-Service Waiver.

17  7. No later than **ninety (90) days** from the filing date of this order, Defendants shall
18 file **one comprehensive motion for summary judgment or other dispositive motion** with
19 respect to the Complaint. Any motion for summary judgment shall be supported by adequate
20 factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
21 Procedure. A motion for summary judgment also must be accompanied by a separate *Rand* notice
22 so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to
23 oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out
24 in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for
25 summary judgment). Defendants are advised that summary judgment cannot be granted, nor
26 qualified immunity found, if material facts are in dispute.

27  8. If any Defendant is of the opinion that this case cannot be resolved by summary
28 judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

Information regarding the Court's Alternative Dispute Resolution Program is available on the website for the United States District Court for the Northern District of California.

9. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

10. Defendants **shall** file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

11. All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

12. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. **No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.** Plaintiff is advised to read Federal Rule of Civil Procedure 37, which requires each party to "in good faith confer[] or attempt[] to confer with" the opposing party regarding a discovery dispute, before seeking court action to resolve such a dispute.

13. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: March 7, 2024

_____
P. CASEY PITTS
United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE**

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due **within thirty days** of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:     Plaintiff/Petitioner